Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
William C. Wright (WW 2213)
bwright@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Audi AG*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUDI AG,<br>*Plaintiff*<br><br>v.<br><br>CARPARTS.COM, INC. d/b/a EVAN FISCHER AUTO PARTS a/k/a CARPARTSWHOLESALE,<br><br>*Defendant* | CIVIL ACTION NO. 25-cv-4940<br><br>**COMPLAINT**<br><br>**Jury Trial Requested** |

Plaintiff Audi AG ("Audi" or "Plaintiff"), an aktiengesellschaft organized and existing under the laws of Germany, by and through its undersigned counsel, alleges as follows:

**NATURE OF THE ACTION**

1.      This action involves claims for counterfeiting of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d); trademark infringement of Plaintiff's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; dilution in violation of 15 U.S.C. § 1125(c); and federal unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C.

§1125(a)) (the "Action"). Plaintiff seeks injunctive relief, an accounting, compensatory damages, enhanced discretionary damages, statutory damages, attorneys' fees and costs, and such other relief as the Court deems proper.

<u>**JURISDICTION AND VENUE**</u>

2.     This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a);15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.; 28 U.S.C. §1338(b) as an action arising out of claims for unfair competition; and 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

3.     Personal jurisdiction exists over Defendant CarParts.com, Inc. d/b/a Evan Fischer Auto Parts a/k/a carpartswholesale ("Defendant") in this judicial district pursuant to N.Y. C.P.L.R. § 302(a)(1) and/or N.Y. C.P.L.R. § 302(a)(3) because, upon information and belief, Defendant regularly conducts, transacts, and/or solicits business in New York and in this judicial district, particularly via its fully interactive eBay storefront and websites; contracts to supply and supplies its goods (including, upon information and belief, Counterfeit Products, as defined *infra*) and services to consumers in New York and in this judicial district; derives substantial revenue from its business transactions in New York and in this judicial district; otherwise avails itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process; and/or Defendant's infringing actions caused injury to Plaintiff in New York and in this judicial district, such that Defendant should reasonably expect its actions to have consequences in New York and in this judicial district.

4.      Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendant is subject to personal jurisdiction here, Defendant conducts business in this judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and/or harm to Plaintiff has occurred in this district.

## THE PARTIES

5.      Plaintiff is an aktiengesellschaft organized and existing under the laws of Germany, with a business address of Auto-Union Str. 1, Ingolstadt, Germany 85057.

6.      Upon information and belief, Defendant is a corporation organized and existing under the laws of Delaware, with a place of business at 2050 W 190th St., Floor 4, Torrance, CA 90504, as well as a distribution center at 1301 Avenue T, Grand Prairie, TX 75050.

7.      Upon information and belief, Defendant has engaged in the illegal conduct alleged herein, and has enriched itself, while Plaintiff has suffered enormous financial injury.

## GENERAL ALLEGATIONS

### Plaintiff and Its Well-Known Audi Products

8.      Plaintiff, a subsidiary of Volkswagen AG, is one of the world's leading automobile companies, with roots dating back to the early 1900s.

9.      Over the years, Audi has become synonymous with luxury, innovation, and performance.

10.     Plaintiff designs, engineers, manufactures, markets, and sells millions of vehicles, along with vehicle parts, accessories, and other related goods, including but not limited to, license plate frames, plaques for affixing to automobiles, key rings, and key chains (collectively, the "Audi Products") under its Audi house mark (the "Audi Brand") in nearly every country across the globe.

11.     The Audi Brand is considered one of the most valuable brands in the world, and has consistently been listed in Interbrand's annual survey of the "Best Global Brands".

12.     Year after year, Audi and its Audi Products have received prominent accolades and awards from prestigious organizations both nationally and internationally, such as the World Car of the Year, the German Design Award, and the International Engine of the Year.

13.     For 2024 as a whole, Audi's revenue totaled 64.5 billion euros, its operating profit reached 3.9 billion euros, and net cash flow came in at 3.1 billion euros.[1]

14.     Audi's success is built on its commitment to technological advancement and high-quality engineering.

15.     The popularity of the Audi Brand is due in part to Audi's marketing and promotional efforts. These efforts include, among other things, television and print advertising, influencer marketing via social media, sponsorship and event marketing and various internet-based advertising.[2]

16.     In the United States, Audi maintains a strong presence, with its brand awareness among U.S. consumers reaching 83% in 2023, thereby reflecting the success of its marketing strategies.[3]

17.     Audi has accumulated over 3.6 billion engagements on social media, across various platforms such as YouTube and Instagram.[4]

18.     Audi has been at the forefront of automotive technology, introducing features such as quattro all-wheel drive and pioneering advancements in electric and hybrid vehicles.

---

[1] *See* https://www.audi-mediacenter.com/en/press-releases/amc-2025-16570.
[2] *See Audi's Marketing Strategy Explained,* THE MARKETING EXPLAINERS, (June 26, 2024), https://www.marketingexplainers.com/audis-marketing-strategy-explained/.
[3] *See* Sam Nguyen, *Audi Marketing: How To Win The Race In The Automotive Industry,* AVADA (Sept. 27, 2024), https://avada.io/blog/audi-marketing/.
[4] *See* Nina Sheridan, *Audi Marketing Mix 2025: A Case Study,* LATTERLY.ORG, (last viewed, June 10, 2025), https://www.latterly.org/audi-marketing-mix/.

19. Today, Audi is a global leader in the luxury car market, known for its stylish designs, cutting-edge technology, and strong performance.

20. Audi has approximately 1,800 dealerships worldwide, which are strategically located to serve its international customer base (the "Audi Dealerships").

21. Not only do Audi Dealerships sell vehicles, but also related Audi Products (e.g., license plate frames, etc.), onsite, as well as, in some cases, online.

22. Audi also sells its Audi Products in the United States via its website available at https://parts.audiusa.com/.

23. Plaintiff owns all registered and unregistered intellectual property rights in and to its Audi Brand and Audi Products.

24. Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark registrations. For example, Plaintiff owns the following in the United States:

| REGISTRATIONS | | | | |
|---|---|---|---|---|
| **MARK** | **REG. NO.** | **REG. DATE** | **INT'L CLASS** | **STATUS** |
| AUDI | 4,995,364 | Jul. 12, 2016 | 9, 12, 14, 16, 27, 28, and 37 | Incontestable |
| A3 | 3,098,878 | May 30, 2006 | 12 and 28 | Incontestable |
| A4 | 1,990,408 | Jul. 30, 1996 | 12 | Incontestable |
| A5 | 3,068,391 | Mar. 14, 2006 | 12 | Incontestable |
| A6 | 1,957,319 | Feb. 20, 1996 | 12 | Incontestable |
| A7 | 3,355,302 | Dec. 18, 2007 | 12 | Incontestable |
| A8 | 2,067,529 | Jun. 03, 1997 | 12 | Incontestable |

| REGISTRATIONS | | | | |
|---|---|---|---|---|
| **MARK** | **REG. NO.** | **REG. DATE** | **INT'L CLASS** | **STATUS** |
| E-TRON | 4,078,535 | Jan. 03, 2012 | 12 and 28 | Incontestable |
| Q3 | 3,524,464 | Oct. 28, 2008 | 12 | Incontestable |
| Q5 | 3,112,195 | Jul. 04, 2006 | 12 | Incontestable |
| Q7 | 3,123,813 | Aug. 01, 2006 | 12 | Incontestable |
| QUATTRO | 1,283,271 | Jun. 26, 1984 | 12 | Registered |
| QUATTRO | 3,241,273 | May 15, 2007 | 12 and 18 | Incontestable |
| R8 | 3,076,893 | Apr. 04, 2006 | 12 | Incontestable |
| RS 3 | 3,966,469 | May 24, 2011 | 12 | Incontestable |
| RS4 | 2,889,135 | Sep. 28, 2004 | 12 and 18 | Incontestable |
| RS 7 | 4,440,628 | Nov. 26, 2013 | 12 | Incontestable |
|  | 5,367,990 | Jan. 02, 2018 | 12 | Incontestable |
|  | 4,405,143 | Sep. 24, 2013 | 12 | Incontestable |
| S LINE | 2,875,529 | Aug. 17, 2004 | 12 | Incontestable |
| S3 | 3,835,128 | Aug. 17, 2010 | 12 | Incontestable |
| S4 | 2,499,526 | Oct. 23, 2001 | 12 | Incontestable |
| S5 | 3,324,676 | Oct. 30, 2007 | 12 | Incontestable |

| REGISTRATIONS | | | | |
|---|---|---|---|---|
| **MARK** | **REG. NO.** | **REG. DATE** | **INT'L CLASS** | **STATUS** |
| S6 | 1,917,829 | Sep. 12, 1995 | 12 | Incontestable |
| S7 | 3,421,582 | May 06, 2008 | 12 | Incontestable |
| S8 | 2,534,302 | Jan. 29, 2002 | 12 | Incontestable |
| SQ5 | 3,970,590 | May 31, 2011 | 12 | Incontestable |
| TFSI | 3,521,639 | Oct. 21, 2008 | 12 | Incontestable |
| TFSI | 3,329,624 | Nov. 06, 2007 | 12 | Incontestable |
| TT | 2,519,018 | Dec. 18, 2001 | 12 | Incontestable |
| TT RS | 4,109,426 | Mar. 06, 2012 | 12 | Incontestable |
| TTS | 3,496,779 | Sep. 02, 2008 | 12 | Incontestable |
|  | 3,201,037 | Jan. 23, 2007 | 12 | Incontestable |
|  | 3,007,305 | Oct. 18, 2005 | 3, 6, 9, 12, 14, 16, 18, 21, 24, 25 and 28 | Incontestable |
|  | 2,083,439 | Jul. 29, 1997 | 12 and 42 | Incontestable |

| REGISTRATIONS | | | | |
|---|---|---|---|---|
| **MARK** | **REG. NO.** | **REG. DATE** | **INT'L CLASS** | **STATUS** |
| E-TRON | 6,138,588 | Sep. 01, 2020 | 3, 6, 11, 14, 17, and 24 | Registered |
|  | 5,457,305 | May 01, 2018 | 6 and 12 | Incontestable |
|  | 5,718,753 | Apr. 09, 2019 | 12 | Registered |
| RS Q8 | 5,479,356 | May 29, 2018 | 12 | Incontestable |
| RS6 | 6,104,299 | Jul. 21, 2020 | 12 | Registered |
| RSQ6 | 6,976,392 | Feb. 14, 2023 | 12 | Registered |
| S LINE | 5,837,139 | Aug. 20, 2019 | 9 and 20 | Registered |
| SQ7 | 5,640,084 | Jan. 01, 2019 | 12 and 28 | Incontestable |
| SQ8 | 5,441,847 | Apr. 10, 2018 | 9, 12, 25, and 28 | Incontestable |
|  | 5,993,653 | Feb. 25, 2020 | 12 | Registered |

(collectively, hereinafter, the "Audi Marks" and "Audi Registrations", respectively). True and correct copies of the Audi Registrations are attached hereto as **Exhibit A** and incorporated herein by reference.

25.    Since at least as early as the dates set forth on the Audi Registrations, Plaintiff has continuously and extensively used its distinctive and famous Audi Marks on or in connection with a wide range of goods and services, including the Audi Products.

26.    Plaintiff has invested a substantial amount of time, effort, and money promoting its Audi Marks, and the goods and services sold thereunder, including the Audi Products, over a prolonged period of time. As a result of Plaintiff's efforts, the quality of the Audi Products, the extensive press and media coverage, the word-of-mouth buzz generated by consumers, and a tremendous volume of sales, the Audi Marks, individually and collectively, have become prominently placed in the minds of the public. Members of the public have become familiar with the Audi Marks, and have come to associate them exclusively with Plaintiff. Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such associations. Indeed, the Audi Marks are famous in the United States, among other countries.

27.    Plaintiff has gone to great lengths to protect its interests to the Audi Marks. No one other than Plaintiff is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Audi Marks without the express permission of Plaintiff.

**Defendant's Wrongful and Infringing Conduct**

28.    Particularly in light of Plaintiff's success, Plaintiff and its Audi Marks have become targets for unscrupulous individuals and entities, who wish to capitalize on the goodwill, reputation and fame that Plaintiff has amassed in the same.

29.    Through Plaintiff's investigative and enforcement efforts, Plaintiff learned of Defendant's actions, which vary and include, but are not limited to: using one or more of the Audi Marks, and/or marks or designations that are confusingly similar thereto (collectively, hereinafter, the "Infringing Marks"), in connection with Defendant's manufacturing, advertisement, marketing, promotion, offering for sale and/or sale of automobile parts and accessories

("Counterfeit Products") to U.S. consumers, including those located in the State of New York, through, at the very least, Defendant's "Evan Fischer Auto Parts" storefront on www.ebay.com ("Defendant's eBay Storefront")⁵ and Defendant's websites available at https://www.carparts.com/ and https://www.carpartswholesale.com/ (collectively, Defendant's Websites"). True and correct screenshots of Defendant's eBay Storefront and Defendant's Websites, along with examples of Defendant's listings for Counterfeit Products thereon, are attached hereto as **Exhibit B** and incorporated herein by reference.

30.    Defendant's actions are particularly damaging to Audi, given that Defendant not only prominently features the Audi Marks on Defendant's eBay Storefront and Defendant's Websites, but it also lists Audi's OEM part numbers in connection with the Counterfeit Products in close proximity to Defendant's own trademarks as shown in the non-exhaustive example below:



⁵ *See* https://www.ebay.com/str/carpartswholesale.

31.    In order to gather further evidence of Defendant's infringing conduct, in or about December 2024, and again in late March 2025, Plaintiff's counsel purchased Counterfeit Products from Defendant's eBay Storefront, which were shipped by Defendant and delivered to Plaintiff's counsel in New York, New York. True and correct copies of Plaintiff's counsel order confirmations, and corresponding photographs of the Counterfeit Products received by Plaintiff's counsel in New York, are attached hereto as **Exhibit C** and incorporated herein by reference.

32.     Plaintiff reviewed the photographs of the Counterfeit Products, and has confirmed that that they are indeed unauthorized, and counterfeit.

33.    Neither Plaintiff nor any of Plaintiff's authorized agents have consented to Defendant's use of the Audi Marks, nor have they consented to Defendant's use of any identical or confusingly similar marks (i.e., the Infringing Marks).

34.    Plaintiff put Defendant on notice of the Audi Marks and the infringing and illegal nature of Defendant's actions by sending a cease-and-desist letter to Defendant (the "C&D") on or about April 16, 2025. A copy of the C&D is attached hereto as **Exhibit D** and incorporated herein by reference.

35.    To date, Defendant has failed to issue any response whatsoever to the C&D and as such, the parties have been unable to resolve this matter.

36.    By Defendant's use of the Infringing Marks, as alleged herein, Defendant has violated Plaintiff's exclusive rights in its famous Audi Marks and has used Infringing Marks that are confusingly similar to, identical to, and constitute dilution of Plaintiff's Audi Marks, to confuse consumers and aid in the promotion Defendant's Counterfeit Products. Defendant's conduct and use began long after Plaintiff's adoption and use of its Audi Marks.

37.     Prior to and contemporaneous with its unlawful actions alleged herein, Defendant had knowledge of Plaintiff's ownership of its Audi Marks and of the extraordinary fame and strength of the Audi Marks and the incalculable goodwill associated therewith, and in bad faith adopted the Infringing Marks.

38.     Upon information and belief, despite Defendant's notice of the Audi Marks, via the C&D and the extraordinary notoriety of the Audi Marks, Defendant continues to engage in its illegal and infringing actions, as outlined herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of the Audi Marks.

39.     Defendant's willful, wrongful actions alleged herein have impaired, and will continue to impair (absent Court intervention), the distinctiveness of the famous Audi Marks.

40.     Defendant's actions have caused, and will continue to cause, confusion, mistake, and deceive consumers, the public, and the trade with respect to the source or origin of Defendant's Counterfeit Products, and cause consumers to erroneously believe that the same are licensed by, or otherwise associated with Plaintiff, thereby damaging Plaintiff.

41.     In committing these acts, Defendant has, among other things, willfully and in bad faith committed the following, all of which have caused ,and will continue to cause, irreparable harm to Plaintiff: infringed and diluted the Audi Marks, and committed unfair competition.

42.     Unless enjoined, Defendant will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Trademark Counterfeiting)**
**[15 U.S.C. § 1114(1)(b)/Lanham Act § 32; 15 U.S.C. § 1116(d)/Lanham Act § 34; 15 U.S.C. § 1117(b)-(c)/Lanham Act § 35]**

43.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

44.     Plaintiff has continuously used the Audi Marks in interstate commerce since on or before the dates of first use as reflected in the registration certificates attached hereto as **Exhibit A**.

45.     Plaintiff, as owner of all right, title and interest in and to the Audi Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

46.     Defendant was, at the time it engaged in its actions as alleged herein, actually aware that Plaintiff is the owner of the federal trademark registrations for the Audi Marks.

47.     Defendant did not seek and thus inherently failed to obtain consent or authorization from Plaintiff, as the registered trademark owner of the Audi Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell the Audi Products and/or related products bearing the Audi Marks into the stream of commerce.

48.     Defendant knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Audi Marks and/or that are identical or confusingly similar to the Audi Marks.

49.     Defendant knowingly and intentionally reproduced, copied and colorably imitated the Audi Marks and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with the manufacture, importation, exportation, advertisement, marketing, promotion,

distribution, display, offering for sale and/or sale of Defendant's Counterfeit Products.

50.    Defendant was, at the time it engaged in its illegal and infringing actions as alleged herein, actually aware that Plaintiff is the owner of all rights in and to the Audi Marks.

51.    Defendant's egregious and intentional use of the Audi Marks in commerce on or in connection with Defendant's Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendant's Counterfeit Products are Plaintiff's Audi Products or are otherwise associated with, or authorized by, Plaintiff.

52.    Defendant's actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the Audi Marks, as well as with bad faith and the intent to cause confusion, mistake and deception.

53.    Defendant's continued, knowing, and intentional use of the Audi Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered Audi Marks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

54.    As a direct and proximate result of Defendant's illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the Audi Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and the valuable Audi Marks.

55.    Based on Defendant's actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of

Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Trademark Infringement)**
**[15 U.S.C. § 1114/Lanham Act § 32(a)]**

56.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

57.     As noted *supra*, Plaintiff has continuously used the Audi Marks in interstate commerce since at least as early as the dates set forth on the Audi Registrations.

58.     Plaintiff, as the owner of the Audi Marks and Audi Registrations, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

59.     Defendant was, at the time it engaged in its actions as alleged herein, actually aware that Plaintiff is the owner of the federal trademark registrations for the Audi Marks.

60.     Defendant did not seek and thus inherently failed to obtain consent or authorization from Plaintiff, as the registered trademark owner of the Audi Marks, to use the Audi Marks and/or Infringing Marks in connection with the advertisement, marketing, promotion, offering for sale and/or sale of Defendant's Counterfeit Products, or otherwise.

61.     Defendant's egregious and intentional use of the Infringing Marks in commerce on or in connection with the advertisement, marketing, promotion, offering for sale and/or sale of Defendant's Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of Defendant's Counterfeit Products, and is likely to deceive the public into believing that Defendant's Counterfeit Products are Plaintiff's Audi Products or are otherwise

associated with, or authorized by, Plaintiff.

62.    Defendant's actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the Audi Marks, as well as with bad faith and the intent to cause confusion, mistake and deception.

63.    Defendant's continued, knowing, and intentional use of the Infringing Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered Audi Marks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

64.    As a direct and proximate result of Defendant's illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the Audi Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and the valuable Audi Marks.

65.    Based on Defendant's actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (Trademark Dilution)
### [15 U.S.C. § 1125(c)/Lanham Act § 43(c)]

66.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

67.     Plaintiff, as the owner of all common law right, title, and interest in and to the Audi Marks, has standing to maintain an action for trademark dilution under the Lanham Act § 43(c), 15 U.S.C. § 1125(c).

68.     Plaintiff's Audi Marks, individually and collectively, are inherently distinctive and/or have acquired distinctiveness, and are famous.

69.     Without Plaintiff's authorization or consent, and with knowledge of Plaintiff's well-known and prior rights in its Audi Marks, and long after the Audi Marks became famous, Defendant knowingly used Infringing Marks in connection with Defendant's Counterfeit Products, in or affecting interstate commerce.

70.     Defendant's intentional use of Infringing Marks is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of Defendant's Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the same originate from, are associated with or are otherwise authorized by Plaintiff, thereby allowing Defendant to make substantial profits and gains to which it is not entitled in law or equity.

71.     Defendant's actions, as set forth herein, have diluted, and will continue to dilute, Plaintiff's famous Audi Marks, and are likely to impair the distinctiveness, strength and value of the Audi Marks, thereby injuring Plaintiff's business and reputation.

72.     Defendant's unauthorized use of the Infringing Marks was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff or its authorized agents and with the deliberate intention to unfairly benefit from the incalculable goodwill inherent in Plaintiff's famous Audi Marks.

73.     Defendant's actions constitute willful dilution by blurring of Plaintiff's Audi Marks in violation of 15 U.S.C. § 1125(c).

74. Defendant's acts have caused substantial and irreparable injury and damage to Plaintiff and its valuable Audi Marks for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause damage to Plaintiff and its valuable Audi Marks in an amount as yet unknown but to be determined at trial.

75. Based on such conduct, Plaintiff is entitled to injunctive relief, damages that Plaintiff has sustained and will sustain as a result of Defendant's actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117(a), and 1118, and reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### (Federal Unfair Competition: False Designation of Origin)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

76. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

77. Plaintiff, as the owner of all common law right, title, and interest in and to the Audi Marks, has standing to maintain an action for unfair competition under the Lanham Act § 43(a), 15 U.S.C. § 1125.

78. Defendant knowingly and willfully used Infringing Marks in connection with the advertisement, marketing, promotion, offering for sale and/or sale of Defendant's Counterfeit Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendant's Counterfeit Products are Plaintiff's Audi Products, and/or that Defendant's Counterfeit Products are authorized, sponsored, approved endorsed or licensed by Plaintiff, and/or that Defendant is affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of Defendant's Counterfeit

Products, and allowing Defendant to capitalize on the goodwill associated with, and the consumer recognition of, Plaintiff's Audi Marks and/or Audi Products, to Defendant's substantial profit in blatant disregard of Plaintiff's rights.

79.    By using Infringing Marks that are identical, or confusingly similar, to Plaintiff's Audi Marks, Defendant has traded off the extensive goodwill of Plaintiff and its Audi Marks to induce customers to purchase Defendant's Counterfeit Products, and will continue to induce such customers to do the same. Such conduct has permitted, and will continue to permit, Defendant to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which it has amassed through its nationwide marketing, advertising, sales and consumer recognition.

80.    Defendant's use of the Infringing Marks has caused substantial injury to Plaintiff's business and its reputation.

81.    Defendant knew, or by the exercise of reasonable care should have known, that its adoption and commencement of and continuing use in commerce of the Infringing Marks would cause confusion, mistake, or deception among purchasers, users and the public.

82.    Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of Plaintiff, its Audi Marks, and Audi Products.

83.    As a direct and proximate result of Defendant's aforementioned actions, Defendant has caused irreparable injury to Plaintiff by depriving Plaintiff of the value of its Audi Marks as commercial assets, for which it has no adequate remedy at law, and unless immediately restrained, Defendant will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of Plaintiff's Audi Marks in an amount as yet unknown,

but to be determined at trial.

84.    Based on Defendant's wrongful conduct, Plaintiff is entitled to injunctive relief, as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief against Defendant:

A.    An award of Defendant's profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.    In the alternative to Defendant's profits and Plaintiff's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, which Plaintiff may elect prior to the rendering of final judgment;

C.    An award of Defendant's profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for Defendant's willful trademark infringement of Plaintiff's federally registered Audi Marks, Defendant's

willful trademark dilution under 15 U.S.C. §1125(c), and unfair competition under 15 U.S.C. §1125(a);

D.      A preliminary and permanent injunction by this Court enjoining and prohibiting Defendant, or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

  i.  manufacturing importing, exporting, advertising, marketing, promoting, distributing, displaying, offering sale, selling and/or otherwise dealing in Counterfeit Products;

  ii.  directly or indirectly infringing in any manner any of Plaintiff's trademarks (whether now in existence or hereafter created) including, without limitation, the Audi Marks;

  iii.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Audi Marks to identify any goods or services not authorized by Plaintiff;

  iv.  using the Infringing Marks or any of Plaintiff's trademarks (whether now in existence or hereafter created) including, without limitation, the Audi Marks, or any other marks or designations confusingly similar thereto, in connection with Defendant's manufacture, importation, exportation, advertisement, marketing, promotion, distribution, display, offering for sale, and/or sale of Defendant's Counterfeit Products;

  v.  using any false designation of origin or false description, or engaging in any

action that is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant and Defendant's commercial activities by Plaintiff;

vi.  engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein;

vii.  engaging in any other actions that constitute unfair competition with Plaintiff;

viii.  engaging in any other act in derogation of Plaintiff's rights;

ix.  secreting destroying, altering, removing, or otherwise dealing with the Counterfeit Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

x.  effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this Action;

xi.  instructing, assisting, aiding or abetting any other person or entity in

22

engaging in or performing any of the activities referred to in subparagraphs (i) through (x) above;

E.    An order of the Court requiring that Defendant deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising, and promotional materials and any other materials in the possession, custody or control of Defendant that infringe any of Plaintiff's trademarks or other rights including, without limitation, Plaintiff's Audi Marks, or bear any marks or artwork that are confusingly similar to Plaintiff's Audi Marks pursuant to 15 U.S.C. § 1118;

F.    An order from the Court that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Counterfeit Products as described herein, including prejudgment interest;

G.    An order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendant's possession, which rightfully belong to Plaintiff;

H.    An award of exemplary or punitive damages in an amount to be determined by the Court;

I.    Plaintiff's reasonable attorneys' fees;

J.    All costs of suit; and

K.    Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

Dated:  June 12, 2025                    Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY:    /S Kerry B.  Brownlee
          Kerry B. Brownlee (KB 0823)
          kbrownlee@ipcounselors.com
          Jason M. Drangel (JD 7204)
          jdrangel@ipcounselors.com
          William C. Wright (WW 2213)
          bwright@ipcounselors.com
          60 East 42nd Street, Suite 1250
          New York, NY 10165
          Telephone: (212) 292-5390
          Facsimile: (212) 292-5391
          *Attorneys for Plaintiff*
          *Audi, AG*